**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAJEEV KUMAR KAPIL, | No. 15-72908 |
| Plaintiff-Appellant, | Agency No. A200-988-754 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Defendant-Appellee. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2018[**]
San Francisco, California

Before: FERNANDEZ, MCKEOWN, and FUENTES,[***] Circuit Judges.

Appellant Rajeev Kumar Kapil petitions for review of an Order of the Board

of Immigration Appeals dismissing his appeal from the Immigration Judge's

decision to deny his applications for asylum and withholding of removal and his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Julio M. Fuentes, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

request for relief under the Convention Against Torture. Kapil claims that police in India arrested him, beat him mercilessly, and deprived him of food and drink because they incorrectly believed he was working with Muslim militants. We have jurisdiction under 8 U.S.C. § 1252, and we **DENY** the petition.

We review the factual findings and credibility determinations of the Board of Immigration Appeals ("Board") for substantial evidence, and we "uphold the [Board]'s findings unless the evidence compels a contrary result." *Jie Cui v. Holder*, 712 F.3d 1332, 1336 (9th Cir. 2013).

Substantial evidence supports the Immigration Judge's determination that Kapil was not credible. The textual and substantive similarities between Kapil's written asylum application and that of his brother were too significant to be coincidental, and Kapil did not provide an adequate explanation for them. In addition, Kapil's testimony regarding how he prepared his asylum application was inconsistent with his brother's testimony on the same topic, and Kapil failed to corroborate his account by presenting the man who had transcribed both brothers' asylum applications as a witness.

As the Board correctly concluded, without credible testimony from Kapil, the other evidence Kapil submitted was insufficient to establish entitlement to asylum. Accordingly, Kapil has also failed to establish that he is entitled to withholding of removal, which imposes a "higher" burden of proof on petitioners

than does asylum. *Kumar v. Gonzales*, 439 F.3d 520, 525 (9th Cir. 2006).

Finally, Kapil is not entitled to relief under the Convention Against Torture. Given Kapil's lack of credibility, he has not provided sufficient credible evidence that he was subjected to torture in the past. 8 C.F.R. § 1208.16(c)(3). Additionally, Kapil has not provided sufficient credible evidence to show that it is more likely than not that he would be tortured in India with the consent or acquiescence of a government official. *See Ridore v. Holder*, 696 F.3d 907, 912 (9th Cir. 2012).

**PETITION FOR REVIEW DENIED.**